FILED
06 OCT 10 AM 8:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PVC DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>LT. W.R. ADAMS, C.O. C. SIMS, THE CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　　　Defendants. | CASE NO. 03CV0487-LAB (RBB)<br><br>**ORDER ON MOTION FOR CERTIFICATE OF APPEALABILITY** |

　　　　On October 2, 2006, Plaintiff filed a notice captioned "Notice of Motion for a Certificate of Appealability to Appeal the Denial of Civil Rights Claims in the Ninth Circuit Court of Appeals." The body of the notice says Plaintiff seeks to appeal this Court's order issued on August 28, 2006. The Court construes this to refer to its order denying Plaintiff leave to file a second amended complaint, and dismissing with prejudice Defendant Adams as a party. This order was signed on August 28, 2006 but filed on August 29, 2006. The parties were also directed to comply with the Court's order of August 22, 2006 setting pretrial and trial dates.

　　　　Plaintiff, proceeding *pro se* and *in forma pauperis*, has brought all claims in this case under 42 U.S.C. § 1983. An appeal from a district court decision in a § 1983 civil rights case does not require a certificate of appealability. The Court therefore construes this request as a request for certification that the appeal is being taken in good faith, under 28 U.S.C. § 1915(a), so that Plaintiff may proceed on appeal *in forma pauperis*.

An action is frivolous for purposes of § 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328–30 (1989).

Under 28 U.S.C. § 1291, parties may appeal only the "final decisions of the district courts." The Ninth Circuit has explained the meaning of this rule:

> A final judgment under § 1291 is a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. By requiring parties to raise all claims of error in a single appeal following final judgment on the merits, § 1291 forbids piecemeal disposition on appeal of what for practical purposes is a single controversy.

*Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) (citations, internal quotations, and alterations omitted).

Although the Court granted partial summary judgment for Defendants, some of Plaintiff's claims remain to be litigated. "It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." *Dannenberg*, 16 F.3d at 1074 (quoting *Cheng v. Commissioner*, 878 F.2d 306, 309 (9th Cir. 1989)).

A district court order dismissing an action as to only some of the defendants is not a final order pursuant to § 1291. *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.* 776 F.2d 1414, 1416 (9th Cir. 1985). Unless this Court makes the requisite determination under Fed. R. Civ. P. 54(b) that final judgment should be entered and "there is no just reason for delay," § 1291 prevents Plaintiff from appealing. *Id.* The Court has made no such a determination, and declines to do so now.

Requiring Plaintiff to appeal all interlocutory rulings at once, after judgment is entered, will not preclude review of any of them, and will serve the interests of judicial economy embodied in § 1291.. Plaintiff's arguments in the motion now under consideration are confined to the merits of his appeal, and do not address the question of why he must bring an appeal at this time rather than later. Plaintiff has therefore failed to identify any reason why he should not be required to bring all his appeals after entry of judgment. Nor is any such reason apparent to the Court.

The Court therefore **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Ninth Circuit Court of Appeals *in forma pauperis* is hereby **DENIED**. *Coppedge v. United States*, 369 U.S. 438 (1962);

1  *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in
2  forma pauperis* on appeal only if appeal would not be frivolous).  Further requests to proceed on
3  appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for
4  the Ninth Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  *See*
5  Fed. R. Civ. P. 24(a); *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961) (appellate court can set aside
6  district court certification of bad faith).

7        Plaintiff and Defendant Sims are reminded that they are required to comply with the
8  Court's order of August 22, 2006 setting pretrial and trial dates, unless relieved of that obligation
9  by this Court or by the United States Court of Appeals for the Ninth Circuit.  Plaintiff and
10 Defendant Sims are particularly reminded that, in addition to all other applicable rules and orders,
11 they must comply with Civil Local Rule 16.1(f) and this Court's Standing Order, ¶ 12.

13 **IT IS SO ORDERED.**
14 DATED:  10-5-06

**HONORABLE LARRY ALAN BURNS**
United States District Judge

17 cc:  Magistrate Judge Ruben B. Brooks
     All Counsel of Record