1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND, | CASE NO. 03CV0487-LAB (RBB) |
| Plaintiff, | **ORDER DENYING MOTION FOR INJUNCTIVE RELIEF** |
| vs. | |
| LT. W.R. ADAMS, C.O. C. SIMS, THE CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

On November 15, 2006, Plaintiff, an inmate at High Desert State Prison, filed a document styled "Amended Pretrial Disclosure And Injunctive Relieve" [sic].  In fact, this document appears to argue about pretrial disclosures already made, after which Plaintiff raises or renews several issues previously dealt with.

Plaintiff renews his motion for appointment of counsel he filed on November 2, 2006, and an *ex parte* application for a temporary restraining order he filed on November 8, 2006, which the Court dismissed for lack of jurisdiction on November 15, 2006.  Plaintiff attempts to re-raise several other issues that were previously disposed of, and which were also mentioned in his notice of appeal.   For reasons stated in the Court's November 15 order, the Court lacks jurisdiction to grant these motions or to reconsider issues it previously decided.

Plaintiff also includes a paragraph requesting injunctive relief in the form of an injunction prohibiting Defendants from retaliating against him and ordering Plaintiff transferred to a different

1  facility.  Plaintiff has not adequately explained on what basis the Court can or should grant this

2  request, or why the Court would have jurisdiction over it.

3      Plaintiff's request for injunctive relief is unsupported by factual allegations; thus, the Court

4  cannot tell whether it is based on matters forming the basis of Plaintiff's notice of appeal.  If so, the

5  Court would lack jurisdiction over it.  *Donovan v. Mazzola*, 761 F.2d 1411, 1414 (9th Cir. 1985).

6  Even if the Court had jurisdiction, it is unclear why the Court could or should grant injunctive relief.

7      Defendant Adams was dismissed as a party on August 29, 2006, so at this point only

8  Defendant Sims remains.  After reviewing the exhibits Plaintiff has attached regarding Plaintiff's

9  request for a transfer, the Court detects no mention of Defendant Sims.  The documents do mention

10 fellow inmates that Plaintiff believes threaten his safety, but note that prison officials are taking steps

11 to protect him from known enemies he may have at that facility.  Furthermore, according to

12 information Plaintiff has provided to the Court, Defendant Sims is not employed at High Desert State

13 Prison, so it is unclear how he might be retaliating against Plaintiff.

14     With regard to the transfer claim, no party with the power to transfer Plaintiff is a party to this

15 action.  With limited exceptions not applicable here, this Court lacks authority to issue an injunction

16 directed at an entity that is not a party before it.  *Zenith Radio Corp. v. Hazeltine Research*, Inc., 395

17 U.S. 100, 112 (1969).

18     As the party invoking the Court's jurisdiction, Plaintiff bears the burden of demonstrating that

19 jurisdiction exists.  *Morris v. U.S.*, 521 F.2d 872, 875 (9th Cir. 1975).  Because he has filed to do so,

20 his application for injunctive relief, and all other requests contained in the document filed on

21 November 15, 2006 are **DISMISSED** for want of jurisdiction.

22     **IT IS SO ORDERED.**

23  DATED:  November 22, 2006

24

25  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

26

27

28

03CV0487