UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>LT. W.R. ADAMS, C.O. C. SIMS, THE CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 03CV0487-LAB (RBB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR SUPERIOR COURT TRIAL TRANSCRIPT; AND FOR SPEEDY TRIAL** |

On October 2, 2006, Plaintiff, proceeding *pro se*, filed a notice of appeal, seeking interlocutory review of most of this Court's decisions. While that appeal was pending, Plaintiff on November 2, 2006 filed a motion to appoint counsel, and on November 8, filed a motion for a temporary restraining order. On November 15, the Court issued an order dismissing these motions for lack of jurisdiction. On November 28, the U.S. Court of Appeals dismissed Plaintiff's appeal.

Plaintiff has now filed an *ex parte* motion seeking reconsideration of this Court's denial of his previous motions. The Court construes this to be a renewed motion for appointment of counsel and for injunctive relief and not a request that the Court review its previous decision. Plaintiff has requested a state court trial transcript and a speedy trial. Plaintiff also mentions his dissatisfaction with opposing counsel's failure to call him in connection with the pretrial conference.

///

**Appointment of Counsel**

Plaintiff previously requested appointed counsel in an *ex parte* motion filed June 9, 2005. This motion was denied by an order issued by Magistrate Judge Ruben Brooks, issued September 15, 2005. Neither the facts nor the relevant law has changed in any relevant respect since that decision.

Plaintiff contends that because his filings are not always helpful to the Court, counsel should be appointed to represent him. "[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *U.S. v. Sardone,* 94 F.3d 1233, 1236 (9th Cir. 1996). Pursuant to 28 U.S.C. § 1915(e)(1), however, in "exceptional circumstances" the Court may request an attorney to represent any person unable to afford counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Ninth Circuit has further explained:

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id.* (citations and internal quotation marks omitted).

Examining these two factors, the Court reaches the same conclusion that Judge Brooks reached previously. Two claims remain to be tried: Plaintiff's claim that Defendant Sims was deliberately indifferent to his serious medical needs caused by asthma; and Plaintiff's claim that Defendant Sims incited other prisoners to attack Plaintiff by spreading rumors that Plaintiff was associated with Osama bin Laden, the Taliban, and the 9/11 attacks. These are not particularly complex legal claims, and Plaintiff is well acquainted with the facts on which they are based. The Court finds his ability to articulate his claims remains adequate. While Plaintiff's claims are supported by evidence, the evidence is not overwhelming. In view of the Court's analysis of these two factors, the Court determines that no "extraordinary circumstances" exist that would support appointment of counsel.

**Motion for Injunctive Relief**

Plaintiff seeks preliminary injunctive relief against certain prison officials at High Desert State Prison, where he is now incarcerated. He seeks better library facilities, protection from retaliation, assurance that his mail will be secure, and a transfer away from High Desert State Prison.

///

1         Defendant Adams was dismissed as a party on August 29, 2006, so at this point only Defendant Sims remains. The motion does not mention Defendant Sims. According to information Plaintiff has provided to the Court, Defendant Sims is not employed at High Desert State Prison. Defendant Sims therefore has no clear connection with any of the injunctive relief Plaintiff is seeking.

        With regard to the transfer and other claims, no party with the power to transfer Plaintiff is a party to this action. With limited exceptions not applicable to the transfer Plaintiff seeks, this Court lacks authority to issue an injunction directed at an entity that is not a party before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

        The Court's ability to grant prospective injunctive relief is constrained where prison conditions are at issue. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998–99 (9th Cir. 2000) (citing 18 U.S.C. § 3626). The Court can grant injunctive relief only if it is narrowly drawn, extends no further than necessary to correct the violation of a federal right, and is the least intrusive means necessary to correct the violation of the federal right. *Id.* There is no showing that any of the relevant standards are met here.

        Plaintiff devotes a paragraph of allegations to each claim. Even bearing in mind the allegations and exhibits in Plaintiff's previous filings, the factual basis on which Plaintiff bases his requests is thin at best.

        The retaliation Plaintiff mentions is not limited to retaliation against him, and on the basis of allegations in the motion it does not appear to be related to either the claims remaining in this action. The Court previously denied Plaintiff leave to amend his complaint to add new theories of recovery against new parties, such as the retaliation claims Plaintiff mentions in his motion. (Order filed August 1, 2006 at 19:28–20:4.) As the Court has previously ruled, there is no provision in the Federal Rules of Civil Procedure requiring this Court to permit Plaintiff to seek redress in this one action for each separate grievance he has with the prison system. (Order of August 29, 2006, at 3:21–23.)

        Plaintiff is appearing *pro se*; therefore, the mail at issue here does not include attorney-client communications. The documents Plaintiff would be sending to the Court, and receiving from the Court, are not confidential. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (explaining that mail from courts is not "legal mail"). *Accord Martin v. Brewer*,

830 F.2d 76, 78 (7th Cir. 1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.") There is no suggestion that the mail is being inordinately delayed or that Plaintiff's ability to litigate his claims in this case has in any way been impaired by his mail being opened. While Plaintiff would no doubt prefer not to have his mail opened, there is no suggestion that he was prejudiced in any way by this, or that any federal right was infringed.

Plaintiff alleges that access to the prison library has been limited by lockdowns necessitated by security concerns. Although Plaintiff complains about limited access to the library, there is no showing that the limited access in any way impaired his ability to litigate his claims in this case. *See Keenan*, 83 F.3d at 1094 (holding that a prisoner alleging denial of access to courts because of inadequate law library access must demonstrate actual injury, *i.e.* some specific instance in which an inmate was actually denied access to the courts.) Even if Plaintiff had shown this, it is unclear what relief he is seeking. If Plaintiff believed he were prejudiced by limited library access, he could move for an extension of time to meet filing deadlines.

The Court has ruled on many of these requests previously. There is no indication that the facts or the law have changed. In short, there is no basis on which the Court could grant injunctive relief.

**Trial Transcript and Speedy Trial**

Although Plaintiff mentions these issues in the caption, neither the notice of motion nor the supporting memorandum discuss these issues at all. Accordingly, there is no basis on which the Court could grant them.

**Plaintiff's Complaint Against Opposing Counsel**

Plaintiff complains that opposing counsel failed to call him on November 27, 2006 as promised. This is apparently a reference to the pretrial conference originally calendared for that date. The Court, however, by minute order issued November 17, 2006, took the pretrial conference off calendar because of Plaintiff's pending interlocutory appeal. Following dismissal of Plaintiff's

/ / /

/ / /

/ / /

1 | interlocutory appeal, the Court by its order issued November 29, 2006 put the pretrial conference back
2 | on calendar for January 8, 2007 at 11:30 a.m.

**Conclusion and Order**

For these reasons, Plaintiff's motions are **DENIED**.

**IT IS SO ORDERED**.

DATED:  December 20, 2006

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge